# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL S. FRENCH,

    Petitioner,

vs.

ROBERT LEGRAND, *et al.*,

    Respondents.

Case No. 3:15-cv-00060-HDM-WGC

**ORDER**

    Pursuant to this court's order, petitioner Michael S. French paid the filing fee in this habeas corpus action (*see* ECF #4).

    The court first considers petitioner's motion to consolidate (ECF #1-3). He explains that he entered a guilty plea in two state criminal cases – 05C210436 and 05C210579. *Id*. On January 23, 2015, petitioner dispatched two federal habeas petitions for filing – the petition in this case, and the petition in Case No. 3:15-cv-00059-HDM-VPC. The petitions are essentially identical; Case No. 3:15-cv-00059-HDM-VPC challenges his guilty plea with respect to state case C210579, and the instant petition challenges his guilty plea with respect to state case C210436. He states that, pursuant to his guilty plea agreement, he is serving concurrent sentences for the two state cases.[1] Accordingly, consolidation is appropriate. Petitioner's motion is, therefore, granted; the petitions shall be

---

[1] Petitioner's main claim is that his sentence structure differs from what was set forth in the guilty plea agreement.

consolidated under the instant case number. Petitioner's application to proceed *in forma pauperis* in Case No. 3:15-cv-00059-HDM-VPC will therefore be denied as moot.

In the interests of judicial efficiency, the court has proceeded to its review of the consolidated petition pursuant to Habeas Rule 4, and the consolidated petition shall be docketed and served.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Also before the court in the instant case is petitioner's motion for the appointment of counsel (ECF #1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition on file in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise, and the legal issues do not appear to be particularly complex; therefore, counsel is not justified. Petitioner's motion is denied.

**IT IS THEREFORE IS ORDERED** that the Clerk shall **FILE** petitioner's motion to consolidate (ECF #1-3).

**IT IS FURTHER ORDERED** that petitioner's motion to consolidate (ECF #1-3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **CONSOLIDATE** Case No. 3:15-cv-00059-HDM-VPC with the instant case. The Clerk shall then **ADMINISTRATIVELY CLOSE** Case No. 3:15-cv-00059-HDM-VPC.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** this order in Case No. 3:15-cv-00059-HDM-VPC as well as in the instant case.

**IT IS FURTHER ORDERED** that petitioner's application to proceed *in forma pauperis* in Case No. 3:15-cv-00059-HDM-VPC, ECF #1 is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** and **ELECTRONICALLY SERVE** the consolidated petition on the respondents.

**IT IS FURTHER ORDERED** that the parties shall file all further filings under the instant case number – Case No. 3:15-cv-00060-HDM-WGC – only.

**IT IS FURTHER ORDERED** that respondents shall file a response to the consolidated petition, including potentially by motion to dismiss, within **ninety (90) days** of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. **Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.**

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment**.** The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in **Reno**.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** petitioner's motion for appointment of counsel (ECF #1-2).

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF #1-2) is **DENIED**.

Dated this 1st day of June, 2015.               *Howard D. McKibben*
                                                              _____
                                                              UNITED STATES DISTRICT JUDGE